# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2119 | **DATE** | February 7, 2011 |
| **CASE TITLE** | Ivanhoe Indus. v. Access Mfg. Tech. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Plaintiff's Motion for attorney's fees and awards the Plaintiff $17,213.45 in attorney's fees.

■[ For further details see below.]   Docketing to mail notice.

## STATEMENT

Before the Court is the Plaintiff's Motion for Attorney's Fees, which the Court awarded to the Plaintiff for Defendants' improper removal. Defendants' singular argument that Plaintiff's claimed fees are not reasonable is that they were billed a lesser amount by their counsel. In this case, there are many differences between the work that Plaintiff's and Defendants' attorneys performed that make such a comparison unsound.

First, in opposition to the motion to remand, Defendants did not cite a single case from the Northern District of Illinois or the Seventh Circuit in support of their arguments. Many of Defendant's arguments were flimsy, at best. On the other hand, the Plaintiff developed arguments grounded in the law of this circuit and district. It therefore stands to reason that Plaintiff's counsel invested substantially more time researching the applicable law than Defendants' counsel. Moreover, with regard to two of the arguments presented in Plaintiffs' brief --- that Defendants had not adequately pleaded facts alleging the citizenship of the parties and that the Plaintiff was entitled to reasonable attorney's fees --- Defendants failed to respond with any substantive argument. Defendants thus expended no time in researching the law associated with diversity jurisdiction or with awards of attorney's or in drafting or reviewing the brief with regard to these issues. Plaintiff's counsel also compiled voluminous exhibits in support of the motion to remand, a task that the Defendant did not undertake. While the production of the exhibits was handled by a paralegal, counsel had to review the exhibits and decide which to use in order to advance their argument. Clearly the Plaintiffs expended time and effort in research and drafting that Defendants did not, and a comparison between the time expended by the parties is not appropriate.

# STATEMENT

Another problem with Defendants' arguments is that their time appears inaccurately reported. Three examples. Defendants' first entry for legal research, entered on May 29, 2010, states that counsel was conducting "ongoing" legal research. But if research were ongoing, where are the entries for previous research? Second, Defendants' have not a single entry for their counsel's appearances in court, which alone accounts for more than $1000 of Plaintiff's attorney's fees. Third, Defendants have not a single entry for review of Plaintiff's brief, which presumably they must have done in order to respond to it. The Court is simply not convinced that Defendants accurately reported their time.

The Court concludes that a comparison between the time expended by the parties' respective counsel is not appropriate — both because the work performed by each party does not appear to be substantially similar and because the Defendants do not appear to have accurately recorded the time spent addressing the motion to remand. Nonetheless, the Court finds that Plaintiff's fees are slightly excessive. Plaintiff's counsel spent over 24 hours time researching the law connected with their motion. Where the legal issues were relatively straightforward and well-settled and where the opponent cited no precedent from within the circuit or district, three days of attorney time devoted to research is excessive. Plaintiff's counsel also spent nearly 20 hours simply reviewing drafts of their briefs or their opponent's briefs. That too is excessive, particularly in light of the fact that the Plaintiff's counsel spent only 24 hours drafting and revising their briefs. Finally, the Plaintiff's counsel spent nearly 10 hours conferencing about the motion to remand. In all, Plaintiff's counsel spent 57 hours researching, reviewing, and conferencing. The Court will reduce this amount by 50% (thus eliminating 28.5 hours of attorney time). The Court calculated the average hourly rate expended by Plaintiff's counsels at $284.37. Thus, the Court will reduce the fee request by $8104.55. The Court therefore awards the Plaintiff $17,213.45 in attorney's fees.

*Wm. J. Hibbler*